UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HERMAN L. BURRIS, ) | CASE NO. 1:09 CV 273 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE KATHLEEN M. O'MALLEY |
| v. ) | |
| ) | |
| JUDGE DEBRA L. BOROS, et al., ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendants. ) | |

Pro se plaintiff Herman L. Burris filed this action under 42 U.S.C. § 1983 against Lorain County Domestic Relations Court Judge Debra L. Boros, Lorain County Domestic Relations Court Magistrate Lisa Waltz, the Lorain County Child Support Enforcement Agency ("CSEA") and "staff of C.S.P.C." In the complaint, plaintiff states he has been denied due process and equal protection. He also asserts his Eighth Amendment rights were violated. He seeks "whatever relief is equitable, justifiable and sustain the declaratory judgment and the Plaintiff's declaration." (Compl. at 3.) Mr. Burris also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## Background

Mr. Burris contests a child support arrearage. His complaint contains very few facts. He states he was hospitalized at the Brecksville Veterans Hospital where he was treated for severe depression and heart disease. He states his arrearage began to accrue during this time period. He

cites Ohio Revised Code § 3109.05 to argue that his inability to pay should have been considered in setting the support obligation. He indicates he was incarcerated for crimes he did not commit, but "prevailed in federal court, see, Herman L. Burris v. Norman J. Stuart, et al., C77-217." (Compl. at 3.) He asserts "the enforcement and penalties of the law of this State's Ohio Revised Code and the CSEA Issue 1978 Title 3105.18, Section 12 and the Ohio Senate Bill to be a violation of this Plaintiff's constitutional rights according to the dictates of Amendment Eight (VIII) of the Bill of Rights which protects our citizens against cruel and unusual punishment." (Compl. at 3.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. Mr. Burris states without explanation that he was denied due process, and equal protection, and was subjected to cruel and unusual punishment. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). The complaint fails to state a claim upon which relief may be granted in federal court.

## Conclusion

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*s/ Kathleen M. O'Malley*
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: 5/29/2009

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3